DAVID A. HUBBERT
Deputy Assistant Attorney General

YEN JEANNETTE TRAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3366 (v)
202-307-0054 (f)
Y.Jeannette.Tran@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GRAHAM H. ROBINS <br><br> Defendant. | Case No. 2:24-cv-00417 <br><br> **COMPLAINT** |

Plaintiff, the United States of America, brings this action to reduce to judgment unpaid federal penalty assessments for the calendar years 2015 and 2016 and interest as provided by law. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States complains and alleges as follows:

## INTRODUCTION

1.  This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as "FBAR penalties," made against defendant Graham H. Robins for his failure to report his interest in

Complaint
(Case No. 2:24-cv-00417)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations.

2. This action is brought with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

3. Defendant Graham H. Robins ("Robins") is a United States citizen, who currently resides in Bellingham, Washington.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Robins resides within the judicial district.

6. Because Robins resides in Whatcom County, pursuant to LCR 3(e), this action should be assigned to the Court in Seattle.

## FBAR REPORTING REQUIREMENTS

7. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

8. To fulfill the requirement of 31 U.S.C. § 5314 during the 2015 and 2016 calendar years, a person must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." The proper form to report FBAR information for the 2015 and 2016 calendar years was FinCEN Form 114.

9. For the 2015 calendar year, accountholders with an aggregate balance exceeding $10,000 in foreign financial accounts were required to file an FBAR no later than June 30 of the following calendar year. *See* 31 C.F.R. § 1010.306(c).

Complaint
(Case No. 2:24-cv-00417)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

10. For the 2016 calendar year, accountholders with an aggregate balance exceeding $10,000 in foreign financial accounts were required to file an FBAR by April 15 of the following calendar year, with an automatic extension to October 15. *See* Pub. L. No. 114-41, Sec. 2006(b)(11).

11. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

12. Robins had a financial interest in, or signature or other authority over, at least seven foreign bank accounts during at least calendar years 2015 and 2016, as described below with only the last four digits of each account number described:

| Name on Account | Bank | Account Number (Last 4 Digits) | Years of FBAR Penalties |
|---|---|---|---|
| GRAHAM ROBINS and CANDY ROBINS | Bank of Montreal | 7287 | 2015 |
| GRAHAM ROBINS and CANDY ROBINS | Bank of Montreal | 2706 | 2015 & 2016 |
| GRAHAM ROBINS and CANDY ROBINS | Bank of Montreal | 6310 | 2015 |
| 568772 B.C. LTD. | Bank of Montreal | 7340 | 2015 & 2016 |
| 410408 B.C. LTD. and A A CUSTOM BROKERS | Bank of Montreal | 4149 | 2015 & 2016 |
| THE GRAHAM HERBERT ROBINS ESTATE PLANNING AND ASSET PROTECTION TRUST | Bank of Montreal | 3991 | 2015 & 2016 |
| A AND A CONTRACT CUSTOMS BROKERS LTD | Bank of Montreal | 8941 | 2015 |

13. For each of the calendar years 2015 and 2016, the aggregate amounts in the accounts described in paragraph 12, above, exceeded $10,000 in U.S. currency.

14. Robins was required by law to file FBARs reporting his financial interest in, or signature or other authority over, the accounts described in paragraph 12, above, for the calendar years 2015 and 2016, as well as any other year that satisfied the FBAR reporting requirements.

15. For the calendar years 2015 and 2016, Robins filed timely FBARs, but did not file accurate FBARs that disclosed the respective foreign bank accounts described in paragraph 12,

Complaint
(Case No. 2:24-cv-00417)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

above, for the calendar years 2015 and 2016.

## WILLFUL FAILURE TO FILE FBARs

16. Robins is a Canadian citizen and a United States permanent resident.

17. Robins received his United States' Permanent Resident Card (also referred to as a "Green Card") in December 2013.

18. Robins immigrated to the United States in January 2015 and currently resides in Bellingham, Washington.

19. Robins has a high school education.

20. Robins is a certified customs broker and has been since the 1960s. As a certified customs broker, Robins handles the paperwork for parcels being imported to and exported to Canada.

21. In at least 2015, Robins had an ownership interest in a rental property in Canada located in Whiterock, British Columbia ("Whiterock Property") and received rental income from this property in 2015.

22. In at least 2015 and 2016, Robins had an ownership interest in rental properties in the United States located in Blaine, Washington and in Hawaii, and received rental income from these properties in 2015 and 2016.

**A.   Graham Robins' Relations with Foreign Financial Accounts and Foreign Entities**

*A & A Contract Customs Brokers Ltd.*

23. Starting in 1964, Robins worked at multiple Canadian customs brokers companies, including ABC Customs Brokers and Pacific Customs Brokers at Pacific Highway.

24. In March 1979, Robins and his wife, Candy Robins, and another individual founded A & A Contract Customs Brokers Ltd. ("A & A"). A & A is incorporated in British Columbia, Canada (British Columbia Business Number: 100001254) and registered in Canada (Federal Corporation Number: 083227-8 and Federal Business Number: 100001254RC0001).

25. A & A is successful Canadian corporation providing custom clearing services.

26. Robins was the president of A & A and the sole shareholder of A & A's 100

Complaint
(Case No. 2:24-cv-00417)

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366


shares until on or about December 29, 2015, at which time Robins' shares were redeemed by A & A, as described more fully below.

27. Robins' son, Graham S. Robins Jr. ("Robins Jr."), who is not a U.S. person within the meaning of 31 C.F.R. § 1010.350(b), currently owns and operates A & A.

28. During at least 2015, Robins had control of, and an ownership and financial interest in, A & A.

29. During at least 2015, A & A held the foreign bank account ending 8941 described in paragraph 12, above, and such account was established for business operations and used consistent with that purpose.

30. During at least 2015, Robins had a financial interest in, or signature or other authority over, the foreign bank account ending 8941 described in paragraph 12, above, that was held in the name of A & A.

### *The Graham Herbert Robins Estate Planning and Asset Protection Trust*

31. On or about December 3, 2011, Robins established the Graham Herbert Robins Estate Planning and Asset Protection Trust ("Trust") in Canada.

32. Robins was the sole grantor and beneficiary of the Trust at inception, and continues to be the current beneficiary of the Trust.

33. Robins Jr. was appointed trustee of the Trust by Robins.

34. Under the Trust, Trust income is to be distributed annually, to or for the benefit of the beneficiary.

35. In 2011, Robins transferred all 100 shares of A & A into the Trust.

36. On or about December 29, 2015, the 100 shares of A & A held by the Trust were redeemed by A & A in exchange for a promissory note from A & A (as debtor) to the Trust (as creditor) in the amount of 6 million Canadian dollars with interest with note payable on December 31, 2021. This promissory note further provided that the Trust would receive annual financial statements for A & A.

37. On or about December 31, 2015, the Trust (as debtor) distributed a different

Complaint
(Case No. 2:24-cv-00417)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

promissory note to Robins (creditor) for about 6 million Canadian dollars that was payable on demand and without a due date.

38. During at least the calendar years 2015 and 2016, Robins had control of the Trust and beneficial interest in the Trust as he maintained 100 percent interest in the assets and current income of the Trust.

39. During at least the calendar years 2015 and 2016, the Trust held the foreign bank account ending 3991 described in paragraph 12, above, and such account was established to receive interest payments from the A & A share redemption promissory note held by the Trust. Interest income was deposited into this account and then transferred to the foreign bank account ending 7287 described in paragraph 12, above.

40. During at least the calendar years 2015 and 2016, Robins had a financial interest in, or signature or other authority over, the foreign bank account ending 3991 described in paragraph 12, above, that was held in the name of the Trust.

*568772 B.C. Ltd.*

41. 568772 B.C. Ltd. is a corporation in British Columbia that was formed in 1998.

42. Robins purchased property located at 100 5th Street West, Emerson, Manitoba, Canada ("Emerson Property"), which is rented to A & A.

43. The Emerson Property is owned through 568772 B.C. Ltd.

44. 568772 B.C. Ltd.'s only activity was renting the Emerson Property to A & A.

45. During at least the calendar years 2015 and 2016, Robins owned 100 percent of the shares of 568772 B.C. Ltd.

46. During at least the calendar years 2015 and 2016, Robins had control of, and an ownership and financial interest in, 568772 B.C. Ltd.

47. During at least the calendar years 2015 and 2016, 568772 B.C. Ltd. held the foreign bank account ending 7340 described in paragraph 12, above, and such account was established to operate the rental property held by 568772 B.C. Ltd. Rental income from the Emerson Property was deposited into this account and rental expenses were paid out of the

Complaint
(Case No. 2:24-cv-00417)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

account.

48. During at least the calendar years 2015 and 2016, Robins had a financial interest in, or signature or other authority over, the foreign bank account ending 7340 described in paragraph 12, above, that was held in the name of 568772 B.C. Ltd.

*410408 B.C. Ltd.*

49. 410408 B.C. Ltd. is a corporation in British Columbia that was formed in 1991.

50. Robins purchased property located at Pacific Coast Highway in Vancouver, British Columbia, Canada ("Vancouver Property"), which is rented to A & A.

51. The Vancouver Property is owned through 410408 B.C. Ltd.

52. 410408 B.C. Ltd.'s only activity was renting the Vancouver Property to A & A.

53. During at least the calendar years 2015 and 2016, Robins owned 100 percent of the shares of 410408 B.C. Ltd.

54. During at least the calendar years 2015 and 2016, Robins had control of, and an ownership and financial interest in, 410408 B.C. Ltd.

55. During at least the calendar years 2015 and 2016, 410408 B.C. Ltd. held at least the foreign bank account ending 4149 described in paragraph 12, above, and such account was established to operate the rental property held by 410408 B.C. Ltd. Rental income from the Vancouver Property was deposited into this account and rental expenses were paid out of the account.

56. During at least the calendar years 2015 and 2016, Robins had a financial interest in, or signature or other authority over, the foreign bank account ending 4149 described in paragraph 12, above, that was held in the name of 410408 B.C. Ltd.

*Personal Accounts*

57. During at least the calendar year 2015, Robins and his wife, Candy Robins, held the foreign bank accounts ending 7287, 2706, and 6310 described in paragraph 12, above.

58. The foreign bank account ending 7287 described in paragraph 12, above, was Robins' primary personal banking account and was used for personal transactions as well as

Complaint
(Case No. 2:24-cv-00417)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

transfers to and from his other accounts. In 2015, Robins' A & A wages and rental income from the Whiterock Property were deposited into this account. In 2016, Robins' Trust distributions (for interest paid on the promissory note received in redemption of A & A shares) were also deposited into this account.

59. The foreign bank account ending 2706 described in paragraph 12, above, was another personal bank account with currency held in United States Dollars. Robins' rental income from Robins' rental properties located in Blaine, Washington and in Hawaii was deposited into this account, along with other property sale proceeds. Robins also used this account as a hub to receive funds from his Canadian accounts and convert those funds to United States dollars before transferring the funds to his domestic accounts in the United States at Bank of America.

60. The foreign bank account ending 6310 described in paragraph 12, above, was another personal banking account that was used to deposit Robins' retirement income and distributions from Canadian retirement accounts. Funds from this account were transferred to Robins' primary foreign bank account ending 7287, described in paragraph 12, above.

61. During at least the calendar year 2015, Robins had a financial interest in, or signature or other authority over, foreign bank accounts ending in 7287, 2706, and 6310 described in paragraph 12, above.

62. During at least the calendar year 2016, Robins had a financial interest in, or signature or other authority over, foreign bank account ending 2706 described in paragraph 12, above.

**B.  Tax Returns, FBARs, and IRS Examination**

63. Robins utilized KeatsConnelly, a wealth management firm that provides cross-border tax, financial planning and investment management services, and Cross Border Tax and Accounting LLC, a tax firm specializing in cross-border tax services, for his tax preparation.

64. Cross Border Tax and Accounting LLC prepared Robins' Forms 1040 (U.S. Individual Income Tax Return) for tax years 2015 and 2016 and FBARs for the calendar years

Complaint
(Case No. 2:24-cv-00417)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

2015 and 2016.

### Robins' Tax Returns

65. On or about October 14, 2016, Robins filed his Form 1040 for tax year 2015.

66. On or about October 16, 2017, Robins filed his Form 1040 for tax year 2016.

67. On his filed Forms 1040 for tax years 2015 and 2016, Robins marked "yes" on Schedule B in response to the questions asking whether he had any financial interest in or signature authority over foreign financial accounts and whether he was required to file a FinCEN Form 114, to report that financial interest or signature authority.

68. In November 2018, the IRS opened an examination regarding Robins' Form 1040 (U.S. Individual Income Tax Return) for tax year 2015. During the examination, the IRS expanded the examination to include Robins' Form 1040 for tax years 2016 through 2018 and related Forms 3520-A (Annual Information Return of Foreign Trust With a U.S. Owner)[1] and 5471 (Information Return of U.S. Persons with Respect to Certain Foreign Corporations)[2] for tax years 2015 through 2016.

69. At the conclusion of the IRS's examination regarding Robins' federal income taxes, the IRS determined, *inter alia*, that Robins had failed to report: his rental income from the Whiterock Property on his Form 1040 for tax year 2015; and Title 26 Subpart F income from 568772 B.C. Ltd. and 410408 B.C. Ltd. on his Forms 1040 for tax years 2015 and 2016. As described above, all of this income was deposited into foreign bank accounts that were not disclosed on Robins' filed FBARs for the calendar years 2015 and 2016.

70. On August 25, 2022, the IRS issued and sent to Robins two statutory notices of

---

[1] Form 3520-A is the annual information return of a foreign trust with at least one U.S. owner. The form provides information about the foreign trust, its U.S. beneficiaries, and any U.S. person who is treated as an owner of any portion of the foreign trust under the grantor trust rules (26 U.S.C. §§ 671 through 679).

[2] Form 5471 is used by certain U.S. persons who are officers, directors, or shareholders in certain foreign corporations to report, *inter alia*, ownership interest in foreign corporations. The form and schedules are used to satisfy the reporting requirements of 26 U.S.C. §§ 6038 and 6046 and the related regulations.

Complaint
(Case No. 2:24-cv-00417)                                9                      U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

deficiency for Robins' Form 1040 taxes for the tax year 2015 and tax years 2016 through 2018 that determined the following tax deficiencies:

- 2015: $1,009,010.00;
- 2016: $218,012.24;
- 2017: $213,633.00; and
- 2018: $172,634.00.

71.   Robins filed a timely petition with the Tax Court challenging the tax deficiencies described in paragraph 70, above. *See* Tax Court case, *Graham H. Robins v. Commissioner of Internal Revenue*, Case No. 24543-22. The Tax Court case is currently with the IRS Independent Office of Appeals.

### *Robins' Deficient Filed FBARs*

72.   As described in paragraph 15, above, Robins filed timely, but incomplete FBARs for the calendar years 2015 and 2016 that failed to disclose the respective foreign bank accounts described in paragraph 12, above, for the calendar years 2015 and 2016.

73.   Regarding the calendar year 2015, Rebecca Crayne, a CPA at Cross Border Tax and Accounting LLC and one of the accountants who helped prepare his FBARs, requested Robins disclose his foreign financial accounts and provide information for his foreign financial accounts in at least two instances:

- On May 24, 2016, Crayne sent an email to Robins attaching an Excel workbook named "2015 - Foreign Bank Accounts Worksheets – Robins, Graham" requesting that he provide the high account balances for 2015. She also requested that Robins "add similar information that is on the schedule for any Canadian account that you still maintain in Canada."
- On June 10, 2016, Crayne sent an email to Robins asking Robins about his foreign financial accounts and again provided a worksheet detailing the accounts for which an FBAR would be filed.

74.   Regarding the requests to Robins described in paragraph 73, above, Crayne

Complaint
(Case No. 2:24-cv-00417)                                    10                           U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

further made a written notation that "[c]lient [is] not responding to info request for possible accounts with signature authority. [F]or 2015 only reporting the two accounts on FBAR in 2014." Robins subsequently failed to follow-up with Crayne regarding all of his foreign financial accounts.

75. On June 27, 2016, Robins filed an incomplete FBAR for the calendar year 2015.

76. In his incomplete 2015 FBAR, Robins disclosed foreign financial accounts ending DYJN held at Hollis Wealth FKA Dundee Wealth and 7220 held at National Bank Financial, but failed to disclose the foreign bank accounts ending 7287, 2706, 6310, 7340, 4149, 3991, and 8941 described in paragraph 12, above.

77. Regarding the calendar year 2016, Sally Taylor, CPA and Director of Financial Planning and Senior Cross Border Financial Planner at KeatsConnelly, sent a letter dated January 11, 2017 to Robins with a copy of a "2016 Tax Organizer" to collect tax information, along with information lists to help identify documents and information required by KeatsConnelly, including a "Tax Services Timeline" and "Tax Organizer Supplement." Additionally, Robins and one of his accountants at Cross Border Tax and Accounting LLC and/or KeatsConnelly had a phone call on or about October 12, 2017, in which Robins only disclosed the foreign bank accounts ending in 7287 and 6310 described in paragraph 12, above.

78. On October 13, 2017, Robins filed an incomplete FBAR for the calendar year 2016.

79. In his incomplete 2016 FBAR, Robins disclosed the foreign bank accounts ending 7287 and 6310 described in paragraph 12, above, but failed to disclose the foreign bank accounts ending 2706, 7340, 4149, and 3991 described in paragraph 12, above.

80. The IRS eventually expanded its examination to include Robins' FBARs for the calendar years 2015 and 2016.

81. On or about July 3, 2020, the IRS sent Letter 4265 (FBAR Appointment Letter) to Robins which notified him of the FBAR examination.

82. Robins did not fully cooperate in the examination. Robins significantly impeded

Complaint
(Case No. 2:24-cv-00417)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

the examination by failing to disclose all his foreign bank accounts for the calendar years 2015 and 2016 in a timely manner when requested by the IRS.

83. As early as July 2020, the IRS had issued an Information Document Request (known as an "IDR") to Robins that requested foreign bank account statements for all of Robins' foreign bank accounts for the calendar years 2015 and 2016. Robins failed to timely disclose the foreign bank account held in the name of the Trust ending 3991 described in paragraph 12, above, in the initial list of foreign accounts. He did not disclose the account until March 2021. Further, Robins did not provide the bank account statements for this account until on or about August 2021, over a year since the IRS's initial request for information.

84. On January 25, 2022, the IRS sent Letter 3709 (FBAR 30 Day Letter), along with Form 13449 (Agreement to Assessment and Collection of Penalties Under 31 U.S.C. § 5321(a)(5) and 5321(a)(6)), to Robins. Letter 3709 notified Robins of proposed willful FBAR penalties for the calendar years 2015 and 2016 and also informed Robins of his right to request a conference with the IRS Independent Office of Appeals. Robins did not execute a Form 13449 and did not request an Appeals conference.

85. On March 28, 2022, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Robins for willful FBAR penalties for the calendar years 2015 and 2016 against Robins, which are more fully described below.

86. On April 1, 2022, the IRS sent Letter 3708 (Notice and Demand for Payment of FBAR Penalty) to Robins. Letter 3708 notified Robins of the assessed willful FBAR penalties and demanded payment of such FBAR penalties.

87. Prior to the filing of his incomplete FBARs for the calendar years 2015 and 2016, Robins had consulted or engaged with legal and/or financial professionals to accomplish his financial, residential, and tax goals.

88. Specifically, prior to the filing of his incomplete FBARs for the calendar years 2015 and 2016, Robins had consulted or engaged with accounting professionals who, if accurately informed of his foreign activity, would have advised him that he was required to file

Complaint
(Case No. 2:24-cv-00417)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

accurate FBARs for the calendar years 2015 and 2016.

89. As of the filing of this complaint, Robins has not filed amended FBARs for the calendar years 2015 and 2016 that accurately report his respective foreign bank accounts described in paragraph 12, above, for the calendar years 2015 and 2016.

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for Civil Penalties*

90. During the calendar years 2015 and 2016, Robins was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

91. During the calendar years 2015 and 2016, Robins had a financial interest in, or signature or other authority over, the foreign accounts described in paragraph 12, above ("the Accounts"), within the meaning of 31 C.F.R. § 1010.350(e) or (f).

92. The Accounts were bank accounts in a foreign country.

93. During each of the calendar years 2015 and 2016, the aggregate balance in the Accounts exceeded $10,000.

94. Robins filed timely, but inaccurate, FBARs for the calendar years 2015 and 2016 that failed to report his financial interest in the Accounts for these years, in violation of 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

95. The failure of Robins to file accurate FBARs for the calendar years 2015 and 2016 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

96. On March 28, 2022, a delegate of the Secretary of the Treasury timely assessed civil penalties against Robins in the total amount of $1,136,286.00, due to his willful failure to file accurate FBARs to disclose the Accounts to the IRS for the calendar years 2015 and 2016.

97. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Robins for the FBAR penalties at Robins' last known address.

98. Despite the notice and demand for payment, Robins failed to pay the FBAR penalties.

Complaint
(Case No. 2:24-cv-00417)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

99. In addition to the FBAR penalties, Robins also owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

100. After the assessment and notice and demand for payment of the FBAR penalties, the IRS identified computational issues (such as using incorrect exchange rates). The IRS subsequently evaluated these computational issues and has advised that the penalty amounts, as assessed, need to be recalculated.

101. Because the manner and methodology the IRS originally employed in calculating the amount of the willful FBAR penalties for the calendar years 2015 and 2016 assessed against Robins contained computational issues, the United States does not seek a judgment in the amount of the willful FBAR penalties the IRS assessed against Robins.

102. Instead, the United States alleges that the amount of the willful FBAR penalties Robins owes should be recalculated in further proceedings with the IRS after this Court determines that Robins is liable for willful FBAR penalties for the calendar years 2015 and 2016.

103. The United States is entitled to judgment against Robins finding that he is liable for willful FBAR penalties for his failure to accurately report the Accounts for the calendar years 2015 and 2016, and in an amount that will be determined after further proceedings with the IRS. That amount shall include pre-judgment and post-judgment statutory accruals as provided by 26 U.S.C. § 3717(a) and § 3717(e), and 28 U.S.C. § 1961, from the date of judgment until paid in full.

WHEREFORE, the United States requests that the Court:

A. Enter judgment in favor of the United States of America and against Robins for his willful failure to file accurate FBARs reporting his financial interest in, or signature or other authority over, the Accounts for the calendar years 2015 and 2016, and in an amount that will be determined after further proceedings with the IRS. That amount shall include pre-judgment and post-judgment statutory accruals as provided by law from the date of judgment until paid in full.

///

Complaint
(Case No. 2:24-cv-00417)

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

   B.  Award the United States of America its costs, and such other further relief as the Court deems just and proper.

   DATED this 27th of March, 2024.

                DAVID A. HUBBERT
                Deputy Assistant Attorney General

                */s/ Yen Jeannette Tran*
                YEN JEANNETTE TRAN
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 683
                Washington, D.C.  20044
                202-616-3366 (v)
                202-307-0054 (f)
                Y.Jeannette.Tran@usdoj.gov

                *Attorney for the United States of America*

Complaint
(Case No. 2:24-cv-00417)

15

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366