Hon. Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

  Plaintiff,

v.

GRAHAM H. ROBINS,

  Defendant.

Case No. 2:24-cv-00417-RAJ

AMENDED ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant GRAHAM H. ROBINS, by and through his undersigned attorneys. Defendant, having received written consent to do so from Plaintiff's counsel pursuant to FRCP 15(a)(2), submits this Amended Answer to Plaintiff United States of America's Amended Complaint (Dkt. 4). Defendant hereby alleges and raises defenses as follows:

## ADMISSIONS AND DENIALS

1. With respect to the allegations contained in paragraph 1 of the Amended Complaint, these allegations are a general summary of the nature of the case and no response is required.

AMENDED ANSWER TO
AMENDED COMPLAINT - 1

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

2. Defendant denies the allegation contained in paragraph 2 of the Complaint for lack of knowledge.

3. With respect to the allegations in paragraph 3 of the Complaint, Defendant denies that he is a U.S. citizen, but admits that he resides in Bellingham, Washington. Defendant has always been a Canadian citizen.

4. Defendant admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Amended Complaint are statements of law to which no admission or denial is required.

8. The allegations contained in paragraph 8 of the Amended Complaint are statements of law to which no admission or denial is required.

9. The allegations contained in paragraph 9 of the Amended Complaint are statements of law to which no admission or denial is required.

10. The allegations contained in paragraph 10 of the Amended Complaint are statements of law to which no admission or denial is required.

AMENDED ANSWER TO
AMENDED COMPLAINT - 2

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

11. The allegations contained in paragraph 11 of the Amended Complaint are statements of law to which no admission or denial is required.

12. Defendant admits the allegations contained in paragraph 12 of the Amended Complaint. These accounts are all held at the Bank of Montreal, which had served as Defendant's primary banking institution since 1979, long before he became a U.S. resident. To the best of Defendant's knowledge, the account ending 4149 was owned solely by 410408 B.C. Ltd., and AA Custom Brokers had no ownership interest in this account.

13. Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant admits the allegation contained in paragraph 15 of the Amended Complaint, except to the extent that this paragraph suggests that Defendant had an obligation to file an FBAR report in 2015 that included information about account ending 3991, or that Defendant had an obligation to file an FBAR report in 2016 that included information about accounts ending 7287, 6310, or 8941 (which accounts were either reported on the 2016 FBAR or with respect to which Defendant had neither signature authority or a financial interest).

AMENDED ANSWER TO
AMENDED COMPLAINT - 3

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant admits to passing the exam for qualification to manage a customs brokerage firm in the 1960s, and admits to founding A & A Contract Customs Brokers Ltd., which is a licensed Canadian customs brokerage firm, in 1979; otherwise denies.

21. Defendant admits the allegations contained in paragraph 21 of the Amended Complaint.  Defendant further alleges that the Whiterock, British Columbia property was his primary family residence for many years until he immigrated to the United States 2015.  The property was sold not long after Defendant moved to the United States, and Defendant admits to receiving rental income from the property prior to its sale in 2015.

AMENDED ANSWER TO AMENDED COMPLAINT - 4

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

22. Defendant admits the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the Amended Complaint, except for the allegation that there was a third individual involved in the founding of A&A, which Defendant denies.

25. Defendant admits the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant admits the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant admits the allegations contained in paragraph 27 of the Amended Complaint.  Defendant further alleges that the transfer of the interest in A&A to Defendant's son was done on the recommendation and with the assistance of the Olson Lemons law firm and KeatsConnelly.

28. With respect to the allegations contained in paragraph 28 of the Amended Complaint, Defendant admits to owning and to having a financial interest in A&A in 2015.  To the extent that "control" of the company implies day to day management of the company, rather than overall authority,

AMENDED ANSWER TO
AMENDED COMPLAINT - 5

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

Defendant denies having control. Defendant had delegated the operation of A&A to third parties many years prior to 2015.

29. Defendant admits the allegations contained in paragraph 29 of the Amended Complaint.

30. With respect to the allegations contained in paragraph 30 of the Amended Complaint, Defendant admits that in 2015, as a more than 50% shareholder of A&A, Defendant held a financial interest in the account pursuant to the regulations, but denies that he held a financial interest as that term is used in ordinary language. A&A was the sole owner of the account, and Defendant did not have signature or other authority over the account.

31. Defendant admits to establishing the Graham Herbert Robins Estate Planning and Asset Protection Trust in Canada on the recommendation and with the assistance of Keats Connelly and the Olson Lemons law firm; otherwise denies.

32. Defendant admits the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Amended Complaint. Defendant further alleges that his son, Graham Robins, Jr., was appointed trustee of the Graham Herbert Robins Estate

AMENDED ANSWER TO AMENDED COMPLAINT - 6

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

Planning and Asset Protection Trust in the 2015-time frame upon advice received from KeatsConnelly as part of the tax planning process with respect to the move to the United States.

34. Defendant admits the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant admits the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant admits the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant admits the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant admits that he was the beneficiary of the Trust during the calendar years 2015 and 2016, but denies that he had control of the Trust.

39. With respect to the allegations in the first sentence of paragraph 39 of the Complaint, Defendant denies the allegation for lack of knowledge. With respect to the allegations in the second sentence of paragraph 39 of the Complaint, Defendant admits that interest income was received in account ending 7287, but denies the remainder for lack of knowledge.

40. With respect to the allegations in paragraph 40 of the Complaint, Defendant admits that he had a "financial interest" in over the bank

AMENDED ANSWER TO
AMENDED COMPLAINT - 7

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

account ending 3991 that was held in the name of the trust as that term is used in the regulations. Defendant denies having signature or other authority over the 3991 account.

41. Defendant admits the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant admits the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant admits the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant admits the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant admits the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendant admits the allegations contained in paragraph 47 of the Amended Complaint.

48. With respect to the allegations contained in paragraph 48 of the Amended Complaint, Defendant admits that he held a "financial interest" in the 7430 account as that term is used in the regulations, but denies that he held

AMENDED ANSWER TO
AMENDED COMPLAINT - 8

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

signature authority over the 7430 bank account, which was held in the name of 568772 B.C. Ltd.

49. Defendant admits the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendant admits the allegations contained in paragraph 50 of the Amended Complaint, except to the extent that it suggests that the property was located in Vancouver, B.C.  Defendant further alleges that the property was located in Surrey, B.C.

51. Defendant admits the allegations contained in paragraph 51 of the Amended Complaint, except to the extent that it suggests that the property was located in Vancouver, B.C.  Defendant further alleges that the property was located in Surrey, B.C.

52. Defendant admits the allegations contained in paragraph 52 of the Amended Complaint, except to the extent that it suggests that the property was located in Vancouver, B.C.  Defendant further alleges that the property was located in Surrey, B.C.

53. Defendant admits the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant admits the allegations contained in paragraph 54 of the Amended Complaint.

AMENDED ANSWER TO
AMENDED COMPLAINT - 9

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

55. Defendant admits that 410408 B.C. Ltd. held the foreign bank account ending 4149 in 2015 and 2016, and that the account was used to operate rental property and for the deposit of rental income related to the property in Surrey, B.C.

56. With respect to the allegations contained in paragraph 56 of the Amended Complaint, Defendant admits that he held a "financial interest" in the account ending 4149 as that term is used in the regulations, but denies that he held signature authority over the 4149 bank account held in the name of 410408 B.C. Ltd.

57. With respect to the allegations contained in paragraph 57 of the Amended Complaint, Defendant admits the allegations therein, except to the extent that it suggests that Candy Robins held an interest in the account. Candy Robins passed in 2007.

58. Defendant admits the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendant admits that account ending in 2706 was a personal banking account denominated in United States currency and that the account received rental income and income from property sales; otherwise, denies.

60. Defendant admits the allegations contained in paragraph 60 of the Amended Complaint.

AMENDED ANSWER TO
AMENDED COMPLAINT - 10

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

61. Defendant admits the allegations contained in paragraph 61 of the Amended Complaint.

62. Defendant admits the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendant admits the allegations contained in paragraph 63 of the Amended Complaint. Defendant further alleges that in 2005, he retained Keats, Connelly & Associates, LLC ("KeatsConnelly"), a Phoenix, Arizona-based firm that claims substantial knowledge of cross-border tax and financial matters. KeatsConnelly specifically markets itself to Canadian residents who want to move to the United States, and the firm's founder has written books on cross-border financial and tax matters. As part of the Defendant's longstanding engagement with KeatsConnelly, the firm provided the following services to Defendant:

- Tax planning and controversy services;

- Analyzing and addressing U.S. and Canadian tax issues associated with immigrating to the U.S. from Canada;

- Preparation of U.S. and Canadian tax returns for Defendant, personally, and for the Graham Herbert Robins Estate Planning and Asset Protection Trust (the creation of which had been suggested and implemented by KeatsConnelly).

AMENDED ANSWER TO
AMENDED COMPLAINT - 11

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

Defendant had a longstanding, trusting relationship with his tax adviser, KeatsConnelly, until relatively recently. KeatsConnelly had a complete understanding of the Defendant's U.S. and Canadian assets. For example, KeatsConnelly prepared personal net worth statements listing the Defendant's worldwide assets, was in regular contact with the Defendant regarding U.S. and Canadian tax issues.

KeatsConnelly apparently retained Cross Border Tax and Accounting, LLC to help prepare tax returns and FBAR filings for Defendant. In light of this retention, Defendant reasonably assumed that Cross Border Tax and Accounting, LLC would have access to all of the financial information KeatsConnelly held concerning Defendant and his U.S. and Canadian entities and that KeatsConnelly would review any materials prepared by Cross Border Tax and Accounting, LLC for errors.

64. Defendant admits the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Amended Complaint to the extent that it suggests that he personally filed the Form 1040. Defendant further alleges that he authorized his tax preparer to file such form on his behalf.

AMENDED ANSWER TO
AMENDED COMPLAINT - 12

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

66. Defendant denies the allegations contained in paragraph 66 of the Amended Complaint to the extent that it suggests that he personally filed the Form 1040. Defendant further alleges that he authorized his tax preparer to file such form on his behalf.

67. Defendant admits the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Amended Complaint for lack of knowledge. Defendant further alleges that he first became aware of an IRS examination in April of 2019.

69. Defendant admits the allegations contained in paragraph 69 of the Amended Complaint.

70. Defendant admits the allegations contained in paragraph 70 of the Amended Complaint.

71. Defendant admits the allegations contained in paragraph 71 of the Amended Complaint.

72. With respect to the allegations contained in paragraph 72 of the Amended Complaint, Defendant admits that he filed timely FBARs and that these FBARs did not include certain accounts, described in prior admissions and denials, in which Defendant had a "financial interest" as that term is defined for purposes of the regulations; otherwise, denies.

AMENDED ANSWER TO
AMENDED COMPLAINT - 13

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

73. Defendant admits the allegations contained in paragraph 73 of the Amended Complaint. Defendant further alleges that, as he understood Ms. Crayne was hired by KeatsConnelly, he reasonably believed that Ms. Crayne had access to all of the information about his US and Canadian financial situation that had been provided by Defendant to KeatsConnelly. The excel attachment to the May 24, 2016 email was information about two Canadian retirement accounts. Defendant interpreted the request for "similar information" to relate to other retirement accounts.

74. Defendant denies the allegations contained in paragraph 74 of the Amended Complaint to the extent that the allegations suggest that Defendant did not respond to Ms. Crayne's requests for information or failed to follow.

75. Defendant denies the allegations contained in paragraph 75 of the Amended Complaint. Defendant further alleges that he signed a FinCEN Form 114a, authorizing his preparer to file an FBAR.

76. Defendant admits the allegations contained in paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Amended Complaint.

AMENDED ANSWER TO
AMENDED COMPLAINT - 14

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

78. Defendant denies the allegations contained in paragraph 78 of the Amended Complaint. Defendant further alleges that he signed a FinCEN Form 114a, authorizing his preparer to file an FBAR.

79. Defendant admits the allegations contained in paragraph 79 of the Amended Complaint.

80. Defendant admits the allegations contained in paragraph 80 of the Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Amended Complaint for lack of knowledge.

82. Defendant denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Amended Complaint. Defendant was represented in the examination by professionals at KeatsConnelly who had access to information about all of Defendant's financial accounts.

84. Defendant admits the allegations contained in paragraph 84 of the Amended Complaint. Defendant further alleges that he directed his attorney to take the necessary steps to request a conference with the IRS Independent Office of Appeals, but it appears that the attorney failed to do so.

AMENDED ANSWER TO AMENDED COMPLAINT - 15

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

85. Defendant denies the allegations contained in paragraph 85 of the Amended Complaint for lack of knowledge.

86. Defendant admits the allegations contained in paragraph 86 of the Amended Complaint for lack of knowledge.

87. Defendant admits the allegations contained in paragraph 87 of the Amended Complaint. Defendant further alleges that he consulted with KeatsConnelly routinely from 2005 through 2022, as his primary legal and financial professionals.

88. Defendant denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Defendant admits the allegations contained in paragraph 89 of the Amended Complaint.

90. Defendant admits the allegations contained in paragraph 90 of the Amended Complaint.

91. Defendant admits the allegations contained in paragraph 91 of the Amended Complaint.

92. Defendant admits the allegations contained in paragraph 92 of the Amended Complaint.

93. Defendant admits the allegations contained in paragraph 93 of the Amended Complaint.

AMENDED ANSWER TO AMENDED COMPLAINT - 16

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

94. Defendant denies the allegations contained in paragraph 94 of the Amended Complaint to the extent that it suggests that Robins personally filed the 2015 and 2016 FBARs with FinCEN, rather than authorizing his tax preparer to file the FBARs; otherwise admits.

95. Defendant denies the allegations contained in paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Amended Complaint for lack of knowledge.

97. Defendant denies the allegations contained in paragraph 97 of the Amended Complaint for lack of knowledge.

98. Defendant admits the allegations contained in paragraph 98 of the Amended Complaint. Defendant further alleges that the penalties were not correctly assessed because he was not willful.

99. Defendant denies the allegations contained in paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Amended Complaint for lack of knowledge.

101. Defendant denies the allegations contained in paragraph 101 of the Amended Complaint for lack of knowledge.

AMENDED ANSWER TO
AMENDED COMPLAINT - 17

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

102. Defendant denies the United States is entitled to any amount of willful FBAR penalties. Defendant denies the allegations regarding the computation of the penalties contained in paragraph 102 of the Amended Complaint for lack of knowledge.

103. Defendant denies the allegations contained in paragraph 103 of the Amended Complaint.

## DEFENSES

**First Defense**

The civil penalties the United States seeks to reduce to judgment and collect in this matter violate the excessive fines clause of the Eighth Amendment. At the time FBARs were due for tax years 2015 and 2016, the aggregate balance of the bank accounts for which civil penalty assessments have been made were $62,071.84 and $33,274.66, respectively. The United States, despite experiencing no tax loss as a result of the facts it alleges in its Amended Complaint, seeks to reduce to judgment and collect civil penalties for tax years 2015 and 2016 in the amount of $446,818.22 and $121,867.76, respectively. Accordingly, the penalty for tax year 2015 is more than 700 percent of the aggregate account balance at the time FBARs were due for tax year 2015, and the penalty for tax year 2016 is almost 400 percent of the aggregate account balance at the time FBARs were due for tax year 2016.

AMENDED ANSWER TO
AMENDED COMPLAINT - 18

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

**Second Defense**

The civil penalties for which the United States seeks to reduce to judgment and collect in this matter were assessed in violation of Defendant's Seventh Amendment right to a trial by jury.  *See SEC v. Jarkesy*, 603 U.S. 109 (2024).  In making the penalty assessments, "the Secretary of the Treasury and the IRS 'acted as prosecutor, jury, and judge,'" the process of which "fundamentally undermines a core function of the Seventh Amendment to provide a neutral factfinder for suits at common law" because Defendant "only has access to an Article III court with a jury *after* the penalty has been assessed."  *United States v. Sagoo*, No. 4:24-cv-01159-O, 2025 WL 2689912, at *3–4 (N.D. Tex. 2025) (dismissing suit to reduce to judgment and collect FBAR penalties on Seventh Amendment violation grounds) (emphasis in original); *see also Jarkesy*, 603 U.S. at 241, 133.

DATED this 11th day of February, 2026.

COLVIN & HALLETT, P.S.

/S/ John M. Colvin
John M. Colvin, WSBA #20930
719 Second Avenue, Suite 711
Seattle, WA  98104
T: (206) 223-0800
F: (206) 467-8170
E: jcolvin@colvinhallettlaw.com

Attorney for Defendant

AMENDED ANSWER TO
AMENDED COMPLAINT - 19

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Anthony J. Iozzo and Kelark Azer Habashi, United States Department of Justice Trial Attorneys, Western District of Washington.

/s/ Mary Hernon
Mary Hernon, Legal Assistant

AMENDED ANSWER TO
AMENDED COMPLAINT - 20

COLVIN + HALLETT, P.S.
MILLENNIUM TOWER, SUITE 711
719 SECOND AVENUE
SEATTLE, WA 98104
T: (206) 223-0800   F: (206) 467-8170